(V.D. 140)

TORCH MANUFACTURING CO., INC. *v.* UNITED STATES

(Decided December 19, 1967)

*Joseph Winston* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

FORD, Judge: The protests listed in schedule "A," attached hereto and made a part hereof, are before me on remand from classification proceedings decided by this court in *Torch Mfg. Co., Inc.* v. *United States*, C.D. 2863, wherein the matter was remanded to a single judge sitting in reappraisement. It has been agreed on a written stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff herein and the Assistant Attorney General for the United States, subject to the approval of the Court, that:

1. The merchandise marked "A" and initialed JB (Commodity Specialist's Initials) by Commodity Specialist J. Bistreich (Commodity Specialist's Name) on the invoices covered by the protests enumerated on the schedule attached hereto and made a part hereof, consist of flashlights which were the subject of decision in the case of *Torch Manufacturing Co., Inc.* v. *United States*, C.D. 2863, and therein remanded to a single Judge of the Court to determine the proper dutiable value.

2. That the flashlights, the subject of this stipulation, were entered for consumption after February 28, 1958, the effective date of Section 2 of the Customs Simplification Act of 1956, T.D. 54165, and appear in the Secretary's final list, T.D. 54521.

3. That neither such nor similar flashlights were, at the time of exportation, freely sold or offered for sale for home consumption in the principal markets of Hong Kong, the country of exportation.

4. That at the time of exportation the price at which such or similar flashlights were freely sold in the principal markets of Hong Kong, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, was the invoiced unit value, plus packing.

IT IS FURTHER STIPULATED AND AGREED:

1. That the merchandise marked "B" on the invoices covered by the protests enumerated in the schedule annexed hereto and made a part hereof consists of batteries which were also the subject of decision in the case of *Torch Manufacturing Co., Inc.* v. *United States*, C.D.

2863, and therein remanded to a single Judge of the Court to determine the proper dutiable value.

2. That the batteries, the subject of this stipulation, were entered for consumption after the effective date of Section 2 of the Customs Simplification Act of 1956, T.D. 54165, and are not included in the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, and that said batteries are subject to appraisement under Section 402 of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

3. That at the time of exportation the price at which such or similar batteries were freely sold in the principal markets of Hong Kong, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, was the invoiced unit value, plus packing.

4. That the above cases are submitted for decision upon this stipulation subject to the approval of the Court.

Upon the agreed facts, I find and hold that export value, as that value is defined in section 402a(d), Tariff Act of 1930, as amended, is the proper basis for the determination of the value of the merchandise marked "A" and initialed on the invoices by the designated commodity specialist and that said value is the invoiced unit value, plus packing, and that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, is the proper basis for the determination of the value of the merchandise marked "B" and initialed on the invoices by the designated commodity specialist, and that said value is the invoiced unit value, plus packing.

Judgment will be entered accordingly.